IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TROY A. HESS, | ) | 4:93CV3337 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON "MOTION** |
| HAROLD W. CLARKE, et al., | ) | **REGARDING COLLECTION OF** |
| | ) | **JUDGMENT"** |
| Defendants. | ) | |

    This matter is before the court on its own motion. On August 22, 2012, the office of the clerk of court received a letter sent by the plaintiff, Troy A. Hess, ("Hess"). The letter was filed by the clerk as a "Motion Regarding Collection of Judgment." (Filing No. 140.) In this motion and in his accompanying affidavit Hess states that on "4-10-2000" his grandfather Robert Olivo paid the $2,500.00 judgment entered against him in this matter. (*Id*.; Filing No. 143.) However, Hess also states that his mother recently sent him a cashier's check in the amount of $3,269.00 and that the Tecumseh State Correctional Institution ("TSCI") withheld and mailed $2,500.00 to this court, on Hess's behalf, to pay the judgment. (*Id*.) Hess asks the court to refund the $2,500.00 because the judgment was previously paid. (Filing No. 140.) The defendants did not respond to Hess's motion. (*See* Docket Sheet.)

    The Docket Sheet in this matter shows the court's receipt of $2,500.00 on August 21, 2012, paid on Hess's behalf pursuant to the judgment in this matter. As discussed above, Hess has submitted a sworn affidavit stating that his grandfather also paid the judgment on "4-10-2000." (Filing No. 143.) However, Hess did not submit a document confirming payment of the judgment and the defendants have not filed any evidence to refute Hess's affidavit. Thus, there is no evidence in the record, except for Hess's affidavit, that the judgment was paid on "4-10-2000." For

example, there is no check showing that the payment was negotiated and deposited to the account of the defendant Craig Richardson. In light of this, I will give Hess until October 22, 2012, to file a properly authenticated document confirming that his grandfather paid the judgment. Thereafter, and by October 29, 2012, the defendants shall respond to Hess's motion and affirmatively state whether the judgment in this matter has been paid.

IT IS THEREFORE ORDERED that:

1. Hess shall have until October 22, 2012, to file a properly authenticated document confirming that his grandfather paid the judgment.

2. By October 29, 2012, the defendants shall respond to Hess's motion and affirmatively state whether the judgment in this matter has been paid.

3. If the defendants fail to respond or refute Hess's affidavit, I may determine that the judgment in this matter has been satisfied and refund to Hess the $2,500.00 received by the court.

4. The clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for response on October 29, 2012.

Dated October 3, 2012.

BY THE COURT

Warren K. Urbom
United States Senior District Judge