IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| TROY A. HESS, | ) | 4:93CV3337 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER ON MOTION** |
| HAROLD W. CLARKE, et al., | ) | **REGARDING COLLECTION OF** |
| | ) | **JUDGMENT** |
| Defendants. | ) | |

  This matter is before me on Plaintiff Troy A. Hess's ("Hess") Motion Regarding Collection of Judgment. (Filing No. 140.) In this motion, and in his accompanying affidavit, Hess states that on "4-10-2000" his grandfather Robert Olivo paid the $2,500.00 judgment entered against him in this matter. (*Id*.; Filing No. 143.) However, Hess also states that his mother recently sent him a cashier's check in the amount of $3,269.00 and that the Tecumseh State Correctional Institution ("TSCI") withheld and mailed $2,500.00 to this court, on Hess's behalf, to pay the Judgment. (*Id*.) Hess asks the court to refund the $2,500.00 because the judgment was previously paid. (Filing No. 140.) The defendants did not initially respond to Hess's motion. (*See* Docket Sheet.)

  On October 3, 2012, I entered a Memorandum and Order on "Motion Regarding Collection of Judgment" directing Hess to file a properly authenticated document confirming that his grandfather paid the judgment. (Filing No. 144.) I also directed the defendants to respond to Hess's motion and affirmatively state whether the judgment in this matter has been paid. (*Id*.)

  On October 12, 2012, Hess filed an Objection to my October 3, 2012, memorandum and order. (Filing No. 145.) In the objection, Hess argues that his

institution had no right to withhold and mail $2,500.00 to this court. (*Id*.) He also argues that his "account" for this case was "closed and paid [on] 4-10-2000." (*Id*. at CM/ECF p. 2.)

On October 29, 2012, the defendants responded to my October 3, 2012, memorandum and order, stating that there is no record of payment of the judgment in this matter. (Filing No. 146.) In support, the defendants filed a sworn affidavit from Inga L. Hookstra ("Hookstra"), the Controller in the Accounting Department of the Nebraska Department of Corrections ("NDCS"). (Filing No. 147.) Hookstra states that, before mailing the $2,500.00, her staff contacted the court and verified that the judgment in this matter had not been paid. (*Id*. at CM/ECF pp. 2-3.) The defendants also filed a sworn affidavit from Craig Richardson ("Richardson"), the former NDCS employee who was awarded $2,500.00 in this matter for his counterclaim. (*Id*. at CM/ECF pp. 4-5; *see also* Filing No. 99.) Richardson states he received an amount of less than two dollars shortly after the trial in this matter, which he believed to be a payment toward the $2,500.00 award. (Filing No. 147 at CM/ECF pp. 4-5.) However, Richardson received no further payments. (*Id*.)

After careful review of the record, Hess has failed to show that the full amount of the judgment in this matter was previously paid by his grandfather. Thus, I will direct the clerk of the court to release $2,498.00 to Richardson from the $2,500.00 currently held by the court pursuant to the judgment in this matter. The clerk of the court shall refund the remaining $2.00 to Hess.

IT IS THEREFORE ORDERED that:

1. Hess' Motion Regarding Collection of Judgment (filing no. 140) and Objection (filing no. 145) are denied.

2.    The clerk of the court is direct to release $2,498.00 to Craig Richardson from the $2,500.00 currently held by the court pursuant to the Judgment in this matter.  This $2,498.00 will fully satisfy the Judgment (filing no. 99) in this matter.

3.    The clerk of the court is directed to refund $2.00, the amount remaining from the $2,500.00 currently held by the court pursuant to the Judgment in this matter, to Hess.

Dated November 20, 2012.

BY THE COURT

*[signature]*

Warren K. Urbom
United States Senior District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.